# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELIZABETH HUNTER, and  )<br>WILLIAM GARRAUGHTY, individually  )<br>and on behalf of all others similarly situated  )<br>  )<br>  )<br>Plaintiff  )<br>,  )<br>  )<br>v.  )<br>  )<br>FIRST TRANSIT, INC.  )<br>  )<br>Defendant.  ) | | Case No.<br><br><br><br><br><br><br><br>CLASS ACTION COMPLAINT<br><br>(Jury Trial Demanded) |

## COMPLAINT

Plaintiffs, Elizabeth Hunter and William Garruaghty, on behalf of themselves and all others similarly situated, complain against defendant First Transit, Inc. as follows:

## Introduction

1. This is a class action for monetary damages and other relief brought by plaintiffs on behalf of all persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, were violated by Defendant, First Transit, Inc. ("First Transit"), on or after October 5, 2007, when First Transit terminated their employment or denied them employment in reliance on information contained in "consumer reports" without first providing them with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

**Parties**

2. Plaintiffs, Elizabeth Hunter ("Hunter") and William Garraughty ("Garraughty"), are both residents of the Northern District of Illinois. Hunter resides in Cook County. Garraughty resides in Lake County.

3. Defendant, First Transit, a Delaware corporation headquartered in Cincinnati, is one of the largest private sector providers of transit management and contracting in the United States. First Transit is a business unit of FirstGroup America and is wholly-owned by FirstGroup plc, which is incorporated in the United Kingdom.

**Jurisdiction and Venue**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. §1681p.

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

**Factual Allegations**

*Plaintiff Elizabeth Hunter*

6. In or about October, 2007, Hunter commenced her employment as a paratransit bus driver with First Transit in Glenview, Illinois.

7. Sometime thereafter, First Transit requested a consumer report containing criminal background information on Hunter from USIS Commercial Services, Inc. ("USIS"). USIS is a consumer reporting agency as defined in 15 U.S.C. § 1681a(d)(1). USIS prepared the requested consumer report and delivered it to First Transit.

8. By letter dated September 16, 2009, First Transit terminated Hunter's employment based on information provided in the USIS consumer report.

9. At no point prior to her discharge did First Transit provide Hunter with a copy of the USIS consumer report or an opportunity to dispute the accuracy of the information provided in the USIS consumer report.

*Plaintiff William Garraghty*

10. On or about December 8, 1998, Garraughty commenced his employment as a paratransit bus driver with Laidlaw Educational Services ("Laidlaw") in Grayslake, Illinois. In or about October, 2007, First Transit acquired Laidlaw and Garraughty became an employee of First Transit.

11. Sometime after it acquired Laidlaw, First Transit requested a consumer report containing criminal background information on Garraughty from USIS. USIS prepared the requested consumer report and delivered it to First Transit.

12. By letter dated September 17, 2009, First Transit terminated Garraughty's employment based upon information provided in the USIS consumer report.

13. At no point prior to his discharge did First Transit provide Garraughty with a copy of the USIS consumer report or an opportunity to dispute the accuracy of the information provided in the USIS report.

*The Requirements of the Fair Credit Reporting Act (FCRA)*

14. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a

copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action is taken. Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" for purposes of the FCRA includes a criminal background check used for employment purposes. Pursuant to 15 U.S.C. § 1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

15. On information and belief, First Transit has a nationwide policy and practice of requesting that USIS or other consumer reporting agencies provide it with consumer reports containing criminal background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employees or employment applicants: (a) a pre-adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

16. Plaintiffs, Hunter and Garraughty, bring this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all former employees and employment applicants of First Transit who, on or after October 5, 2007, suffered adverse employment action based on information contained in consumer reports without receiving: (a) a pre-adverse action disclosure containing a copy of the employee's consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a

pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action was taken.

17. The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The class is so numerous that joinder of all members is impracticable. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, *inter alia*, the following:

    a. whether the defendant failed to provide class members with a pre-adverse action disclosure containing a copy of the employee's consumer report which the Defendant obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA;

    b. whether the defendant failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information; and

    c. whether defendant's actions as described above constitute violations of the FCRA.

18. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are members of the class and their claims are typical of the claims of all class members. Their interests in obtaining monetary relief for the violations of their rights by defendant are consistent with and are not antagonistic to those of any person within the class.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

    a. avoid the heavy burden of multiple, duplicative suits;

    b. avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

    c. allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

      d.    allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

### Count One – First Transit's FCRA violations

20. Plaintiffs reallege and incorporate by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

21. First Transit has willfully failed to provide plaintiffs and members of plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of their rights under the FCRA ; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

22. First Transit's willful violation of 15 U.S.C. § 1681b(b) has caused damages to plaintiffs and members of the plaintiff class for which damages First Transit is liable under 15 U.S.C. § 1681n.

23. In the alternative to paragraph 21 of this complaint, First Transit negligently failed to provide plaintiffs and members of plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of their rights under the FCRA ; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

24. In the alternative to paragraph 22 of this complaint, First Transit's negligent violation of 15 U.S.C. § 1681b(b) has caused damages to plaintiffs and members of the plaintiff class for which damages First Transit is liable under 15 U.S.C. § 1681o.

### Prayer for Relief

WHEREFORE, plaintiffs respectfully request, on behalf of themselves and the class they seek to represent, that this Court:

A.  Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate the named plaintiffs as representatives of the class and their counsel of record as class counsel;

B.  Award statutory, actual and punitive damages against defendant to plaintiffs and members of the plaintiff class as provided in 15 U.S.C. §§ 1681n and 1681o;

C.  Award plaintiffs and class members their attorneys' fees and the costs of this action pursuant to 15 U.S.C. §§ 1681n and o;

D.  Award plaintiffs and class members their costs pursuant to 28 U.S.C. § 1920; and

E.  Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

S/ Kalman D. Resnick
One of the Attorneys for Plaintiffs

Matthew J. Piers
Kalman D. Resnick
Joshua Karsh
Cristina N. Siepel
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street
Suite 4000
Chicago, Illinois 60602
(312)580-0100