IN THE UNITED STATES DISTRICT COURTS
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, LINDA STOIKE, and WILLIAM GARRAUGHTY, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| | ) Case No. 09 CV 6178 |
| Plaintiff, | )<br>) Judge Rebecca Pallmeyer |
| v. | )<br>) Magistrate Judge Susan Cox |
| FIRST TRANSIT, INC., | ) |
| Defendant. | ) |

| | |
|---|---|
| TASHA JOSHAWAY, MICHAEL YURKOWSKI, GEORGE BECKETT, DEBBIE GOIN, and PENNIE JOHNSON, individually and on behalf of all others similarly situated, | )<br>) Case No. 10 CV 7002<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Judge Rebecca Pallmeyer |
| v. | )<br>) Magistrate Judge Susan Cox |
| FIRST STUDENT, INC., | ) |
| Defendant. | ) |

**ADMINISTRATIVE ORDER NO. 1**

This cause comes before the Court upon joint motion of all parties for entry of an Order preliminarily approving the Settlement Agreement in the above-captioned litigation.

The Court has reviewed the parties' Settlement Agreement and the exhibits attached thereto and preliminarily finds that the proposed settlement is a fair, reasonable and adequate resolution of the issues in this proceeding and therefore,

**IT IS ORDERED** that:

1. The following Class and Subclasses are conditionally certified for settlement purposes only:

    a. **Definition of "Settlement Class"**

    An individual is a member of the Settlement Class if, between October 5, 2007 and August 10, 2010, First Transit or First Student: (1) procured a consumer report about the individual without making the disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i); (2) procured a consumer report about the individual without the individual's written authorization; or (3) took adverse action against the individual based in whole or in part on a consumer report without first providing the individual a copy of his or her consumer report and the FTC's Summary of FCRA Rights.

    b. **Definition of "Disclosure Subclass"**

    An individual is a member of the Disclosure Subclass if and only if the individual satisfies both of the following conditions: (1) one of the Defendants procured a consumer report about the individual between October 5, 2007 and August 10, 2010; and (2) the Defendant that procured the consumer report made the disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i) using a document that contained a release of liability or that otherwise did not comply with that provision.

    c. **Definition of "No Authorization Subclass"**

    An individual is a member of the No Authorization Subclass if and only if the

individual satisfies one or both of the following conditions: (1) between October 5, 2007 and August 10, 2010, a consumer report regarding the individual was procured and uploaded to the J.J. Keller & Associates, Inc. Driver Management Online database ("DMO"), and either: (i) the consumer report was uploaded to the DMO more than seven days before the individual's Part I Form was uploaded to the DMO, or (ii) no Part I Form for the individual was ever uploaded to the DMO; or (2) one of the Defendants procured from AFR a consumer report about the individual between October 5, 2007 and August 10, 2010.

      d.     **Definition of "Adverse Action Subclass."**

An individual is a member of the Adverse Action Subclass if and only if the individual satisfies all of the following conditions: (1) one of the Defendants procured a consumer report about the individual; (2) one of the Defendants took adverse action against the individual based in whole or in part on the consumer report; (3) such adverse action took place between October 5, 2007 and August 10, 2010, and (4) the individual did not receive from First Transit or First Student both a copy of his or her consumer report and the FTC's Summary of FCRA Rights before suffering such adverse action, or First Transit or First Student did not otherwise comply with the requirements of the FCRA when taking such adverse action.

    2.    Matthew Piers, Joshua Karsh, Kalman Resnick, and Christopher Wilmes are designated as Class Counsel. Elizabeth Hunter, Linda Stoike, William Garraughty, Tasha Joshaway, Michael Yurkowski, Debbie Goin, Pennie Johnson, and George Beckett are designated as representatives for the Disclosure Subclass. Elizabeth Hunter, William Garraughty, Tasha Joshaway, Michael Yurkowski, Debbie

Goin, and George Beckett are designated as representatives for the Adverse Action Subclass. George Beckett is designated as a representative for the Authorization Subclass.

3. The form of class notice attached to the Settlement Agreement as Exhibit B and the plan for its dissemination specified in the Settlement Agreement are approved and will be mailed to Class Members no later than 45 days after entry of this Order.

4. Pending the outcome of a final fairness hearing, all members of the Settlement Class are preliminarily enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, these Actions, or challenging or seeking review of or relief from any order, judgment, act, decision, or ruling of this Court in connection with the Settlement Agreement.

5. A final fairness hearing will be held on August 1, 2011 at 9:30 a.m. in Courtroom 2119 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois.

ENTERED:

_____
United States District Court

Dated:

March 25, 2011